**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**ANITA K. WILLIAMS**                                                                                         **PLAINTIFF**

v.                            **CASE NO. 3:14CV00038 BSM**

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, JASON MODDE,
and JOHNSTON TRUCKING**                                                                **DEFENDANTS**

**ORDER**

Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") first motion for summary judgment [Doc. No. 47] is granted, its second motion for summary judgment [Doc. No. 64] is denied, and the motion for summary judgment of defendants Jason Modde and Johnston Trucking, Inc., [Doc. No. 73] is denied. Plaintiff's claim for vexatious refusal to pay against State Farm is dismissed with prejudice.

I.  FACTUAL BACKGROUND

Viewing the record in the light most favorable to plaintiff Anita K. Williams, the facts are as follows. On February 6, 2013, Williams was traveling southbound on Interstate 55 in Mississippi County, Arkansas. A slow-moving truck carrying a wide load occupied the right lane, requiring Williams and other drivers to move into the left lane to pass it. Modde was driving an 18-wheeler owned by his employer, Johnston Trucking, Inc. ("Johnston"), while on or about his employer's business. He also moved into the left lane in order to pass the wide load. Upon shifting into the left lane, directly ahead of Williams, Modde saw debris in the road, causing him to quickly decelerate the truck. Despite Williams's efforts to brake

and avoid a collision, she hit the rear end of the truck, whereupon her vehicle was caught underneath the truck's carriage and was dragged until Modde came to a stop. Williams sustained injuries and was taken to a hospital by ambulance before law enforcement arrived on the scene.

After the accident, Corporal Russell Crowell reported to the scene, and later obtained Williams's handwritten statement. *See* Def. State Farm's Mot. for Summ. J., Ex. C, Doc. No. 47. Corporal Crowell's assessment was that Williams failed to recognize the vehicle in front of her was slowing, and he cited her for following too close. *See id.*, Ex. D.

Williams contacted her insurance company, State Farm, on the same day of the accident, at which point State Farm began an investigation. In letters sent to Williams, State Farm explained the details of her medical coverage policy and requested her medical bills. *See id.*, Ex. G. The policy also covered collision expenses for Williams's vehicle and Johnston's truck. *See id*, Exs. H & I. Her medical pay was eventually exhausted. *See* Def. State Farm's Mot. for Summ. J., Ex. E, at 54.

On April 22, 2013, Williams's lawyer contacted State Farm, claiming that uninsured motorist coverage was triggered because the debris that caused the accident was discarded by an unknown driver. *Id.*, Ex. J. Although State Farm's position was that uninsured motorist coverage would not apply because Williams was at fault in the accident, an uninsured motorist coverage claim was ultimately opened so that a claim representative could investigate the request. The claim representative authored a "Level II Report" on June 19,

2013, which concluded that Williams was liable for the accident, and uninsured motorist coverage did not apply. *Id.*, Ex. L.

Williams filed suit against State Farm on July 8, 2013, alleging breach of contract and vexatious refusal to pay. She filed a separate complaint against Modde and Johnston Trucking on January 28, 2014, alleging negligence.

## II.  LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986).  Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute that must be resolved at trial. *Id.* Importantly, when considering a motion for summary judgment, all reasonable inferences must be drawn in the light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). Additionally, the evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III.  DISCUSSION

A.  <u>State Farm's second motion for summary judgment was timely filed</u>

As a preliminary matter, Williams's claim that State Farm filed an untimely second

motion for summary judgment is incorrect. Federal Rule of Civil Procedure 6(a)(3)(A) provides if the clerk's office is not accessible on the last day for filing then "the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday." Due to inclement winter weather, the clerk's office was closed on February 23, 2015, the motions deadline. As a result, the deadline continued to the next day, February 24, 2015, which is when State Farm filed its motion. Thus, State Farm's motion is timely.

B.   Williams's vexatious refusal to pay claim against State Farm

State Farm is entitled to summary judgment on Williams's claim of vexatious refusal to pay. This is because State Farm had a reasonable excuse to believe that Williams was liable for, or at least contributed to, the collision.

Missouri law provides:

> In any action against any insurance company to recover the amount of any loss under a policy of automobile, fire, cyclone, lightning, life, health, accident, employers' liability, burglary, theft, embezzlement, fidelity, indemnity, marine or other insurance except automobile liability insurance, if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict.

Mo. Ann. Stat. § 375.420. To recover damages for vexatious refusal to pay, Williams must establish that: (1) she had an insurance policy with State Farm; (2) State Farm refused to pay; and (3) its refusal was "without reasonable cause or excuse." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 823 (8th Cir. 2011) (quoting *Dhyne v. State Farm Fire & Cas. Co.*, 188

S.W.3d 454, 457 (Mo. 2006)); *De Witt v. American Family Mt. Ins. Co.*, 667 S.W. 2d 700, 710 (Mo. 1984) ("To support the imposition of the [vexatious refusal to pay] penalty . . . plaintiff must show that the insurer's refusal to pay the loss was willful and without reasonable cause"). There is no vexatious refusal when the insurer has reasonable cause to believe there is no liability under its policy and that it has a meritorious defense. *Macheca Transport v. Philadelphia Indem. Ins. Co.*, 649 F.3d 661, 674 (8th Cir. 2011) (applying Missouri law).

The record indicates Williams's own actions may have contributed to the collision. The officer who first reported to the accident conducted a standard, on-scene investigation and determined that Williams had been following Modde's truck too closely in the left lane. *See* Pl.'s Statement of Facts, Ex. 8 at 73, Doc. No. 60 (Crowell Dep.). State Farm agents reached the same conclusion upon their own independent investigations of the accident. *See* Def. State Farm's Mot. for Summ. J., Ex. K–L (claims notes from multiple agents concluding Williams was "100% liable for this accident"); *see also* Pl.'s Statement of Facts, Ex. 6, Doc. 70) (deposition of State Farm representative regarding handling, investigation, and determination of Williams's claim). Thus, at the time State Farm refused coverage, it reasonably believed it had a meritorious defense: that Williams, and not an uninsured motorist, was liable for the accident.

Williams provides no evidence that State Farm's refusal to apply uninsured motorist coverage was willful or unreasonable. Instead, the record shows State Farm promptly

covered Williams's vehicle and medical expenses pursuant to her primary policy, and gave adequate consideration to her claim for benefits under the uninsured motorist policy. *See* Def. State Farm's Mot. for Summ. J., Exs. G, H, & L. Upon a thorough investigation, however, State Farm determined that uninsured motorist coverage was not appropriate under the circumstances and reasonably refused to apply those benefits. *Id.*, Ex. L. As a result, summary judgment is appropriate on Williams's vexatious-refusal claim.

C.   Williams's breach of contract claim against State Farm

Summary judgment is denied on Williams's breach of contract claim against State Farm. Williams alleges State Farm breached the insurance contract by failing to provide uninsured motorist coverage after the accident. State Farm moves for summary judgment arguing that no facts in the record support her claim for uninsured motorist coverage.

Missouri law permits a claimant to proceed directly against the insurance carrier for recovery on an uninsured motorist claim. *State ex rel. State Farm Mut. Ins. Co. v. Craig*, 364 S.W.2d 343 (Mo. Ct. App. 1963). To prevail on her uninsured motorist claim, Williams must prove she is legally entitled to recover damages from the unknown driver. *Compare Edwards v. Shelter Mut. Ins. Co.*, 280 S.W.3d 159, 162 (Mo. Ct. App. 2009) (affirming summary judgment for defendant when plaintiff failed to provide evidence that transmission fluid leak was result of negligent owner or operator of uninsured vehicle), *with Hale v. American Family Mut. Ins. Co.*, 927 S.W.2d 522, 526 (Mo. Ct. App. 1996) (finding sufficient evidence to support inference of uninsured motorist negligence where rock that flew through

windshield had markings that indicated it came from dual–wheeled vehicle). Entitlement to recover on an uninsured motorist policy requires proof of (1) causal negligence or fault on the part of an uninsured motorist, (2) the absence of contributory negligence, and (3) resulting damage to the insured. *Oates v. Safeco Ins. Co. of America*, 583 S.W.2d 713, 716–17 (Mo. 1979).

Viewed most favorably to Williams, the facts show that debris caused Modde to decelerate his truck and that Williams, who was directly behind Modde, collided with the truck's rear end. In his deposition, Modde described the debris as resembling the size and shape of a "tanker hose," a round tubular hose affixed to tanker trucks. *See* Pl.'s Statement of Facts, Ex. 1 at 32, 49–50, Doc. No. 70 (Modde Dep.). He also stated that the debris occupied most of the left-hand lane, restricting his ability to swerve around it. *See id.* Additionally, Williams claims Modde decreased his speed at a rapid rate in response to the debris in the road, which, in turn, caused her vehicle to gain on his truck so quickly. *See* Pl.'s Statement of Facts, Ex. 2 at 31, Doc. No. 70 (Pl.'s Dep.). Based on these facts, a reasonable juror could infer that the negligence of an unknown driver was the proximate cause of the accident and that Williams is entitled to recover on her uninsured motorist claim. Summary judgment is therefore inappropriate.

D.  Williams's negligence claim against Modde and Johnston

Summary judgment is also denied on Williams's negligence claim against Modde and Johnston because the parties genuinely dispute the proximate cause of the collision.

7

Negligence is the failure to exercise the ordinary care of a reasonably prudent person. *Costner v. Adams*, 121 S.W.3d 164, 171 (Ark. App. 2003). To establish negligence, a plaintiff must demonstrate damages were sustained, the defendant was negligent, and such negligence was a proximate cause of the damages. *Avery v. Ward*, 934 S.W.2d 516, 521 (Ark. 1996). The question of what duty is owed by one person to another is always a question of law. *Heigle v. Miller*, 965 S.W.2d 116, 120 (Ark. 1998). Proximate cause is that which, in a natural and continuous sequence, produces the injury, and without which the result would not have occurred. *Davis v. Schneider Nat., Inc.*, 431 S.W.3d 321, 326 (Ark. App. 2013). Proximate cause is usually a question of fact for the jury. *Id.*

Williams and Modde owed each other and other motorists the duty of maintaining an appropriate speed, maintaining safe distances between their vehicles and the vehicles in front of them, and using proper signals to indicate lane changes and turns. *See* Ark. Code Ann. § 27-51-101 *et seq*. (Operation of Vehicles–Rules of the Road). In support of summary judgment, Modde and Johnston argue that Williams's own actions (following too closely at high speed) were the proximate cause of the collision. Defendants further argue that Modde maintained a safe speed and used appropriate signals (brake lights) to indicate his decreasing speed when he approached the debris. In response, Williams claims Modde's sudden, significant decrease in speed was the proximate cause of the collision. The parties, therefore, dispute the proximate cause of the collision. For these reasons, summary judgment is not appropriate.

## IV.  CONCLUSION

Summary judgment is granted on Williams's claim of vexatious refusal to pay [Doc. No. 47], and denied on her claims of breach of contract and negligence [Doc. Nos. 64 & 73].

IT IS SO ORDERED this 1st day of June 2015.

_____
UNITED STATES DISTRICT JUDGE